MEMORANDUM **
Kelvin Carver Johnson, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). He also appeals from an order denying his motion to amend or alter the judgment pursuant to Fed.R.Civ.P. 59(e). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s application of substantive law and review for clear error its factual determinations. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We may affirm on any basis supported by the record, Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001), and we affirm.
The district court properly dismissed Johnson’s action because his failure to submit his initial grievance within the applicable 15-working-day deadline did not constitute proper exhaustion. See Woodford v. Ngo, 548 U.S. 81, 83-84, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997 is mandatory and cannot be satisfied “by filing an untimely or otherwise procedurally defective administrative grievance or appeal.”); see also Cal.Code. Regs. tit. 15, § 3084.6(c).
The district court did not abuse its discretion in denying Johnson’s Rule 59(e) motion because there were no grounds to alter or amend the judgment. See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993) (stating standard of review and describing grounds for relief under Rule 59(e)).
We deny Johnson’s request for judicial notice. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).
We do not consider Johnson’s argument that he was denied due process because it is raised for the first time on appeal. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (explaining that, as a general rule, the court will not consider arguments *267 that are raised for the first time on appeal). Johnson’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.